```
LTL ATTORNEYS LLP
James M. Lee (SBN 192301)
james.lee@ltlattorneys.com
David A. Crane (SBN 305999)
david.crane@ltlattorneys.com
300 S. Grand Ave, 14th Floor
Los Angeles, California 90017
Tel.: 213-612-8900 / Fax: 213-612-3773

Attorneys for Plaintiff/Counter-Defendant
Pinkette Clothing, Inc.
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| PINKETTE CLOTHING, INC., | CASE NO. 15-CV-4950 SJO (AJWx) |
|---|---|
| Plaintiff, | **PINKETTE'S NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT TESTIMONY, REPORT AND, OPINIONS OF EXPERT WITNESS ERICH JOACHIMSTHALER** |
| v. | |
| COSMETIC WARRIORS LIMITED, et. al., | |
| Defendants. | **[Declaration of Kevin Bringuel in Support Thereof]** |
| AND RELATED COUNTERCLAIMS | **[PUBLIC VERSION WITH REDACTIONS]** |

**MIL TO EXCLUDE JOACHIMSTHALER TESTIMONY**

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that at the Final Pretrial Conference on January 17, 2017 at 9:00 a.m., or as soon thereafter as this matter can be heard before the Honorable S. James Otero, located at Courtroom 10C, Tenth Floor, United States District Court, Central District of California (Western Division), 350 W. 1st Street, Los Angeles, CA 90012, Plaintiff Pinkette Clothing, Inc. ("Pinkette") will and hereby does move for an order to exclude the expert testimony, report, and opinions of Defendant Cosmetic Warriors Limited's ("CWL") expert, Dr. Erich Joachimsthaler.

This Motion is brought pursuant to Federal Rules of Evidence 401, 402, 403 and 702 and the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). This Motion is based upon this Notice of Motion and Motion; the supporting Memorandum of Points and Authorities; the supporting Declaration of Kevin Bringuel and the exhibits thereto; the pleadings, records and papers in this action; all matters of which the Court may take judicial notice; and such other and further evidence as may be presented at or before the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rules 7-3 and 16, which took place on December 6 and 9, 2016.

DATED: December 16, 2016      LTL ATTORNEYS LLP

By _____
James M. Lee
Attorney for Plaintiff/Counter-Defendant
Pinkette Clothing, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

The Court should exclude the report, opinions, and testimony of CWL's expert witness Dr. Erich Joachimsthaler. Dr. Joachimsthaler's opinions regarding the strength of CWL's LUSH mark for cosmetics and his opinions about the mark's "natural zone of expansion" into apparel are erroneously premised on data sourced primarily from 2013-2016, when the appropriate time period for such an analysis is 2003-2004, a full decade earlier.

Because nearly all of the facts used by Dr. Joachimsthaler to form his analysis are from an entirely incorrect and legally irrelevant time period, Dr. Joachimsthaler's resulting conclusions regarding the strength of CWL's LUSH mark and its natural zone of expansion from cosmetics to clothing are fatally flawed. Pinkette would be highly prejudiced by the admission of this irrelevant and unreliable testimony, which would confuse and mislead the jury, as well as waste valuable time and resources. Dr. Joachimsthaler's opinions, therefore, should be excluded.

## II. History of the parties' respective LUSH marks

CWL alleges that it began selling cosmetics to United States consumers under the LUSH trademark in 1996 via its mail and order catalogue (the LUSH Times) and through its website. CWL opened its first U.S. retail store in San Francisco in December 2002. A related CWL company first applied for LUSH as a U.S. trademark in Class 3 (perfume and cosmetics) on February 25, 1997, which issued as U.S. TM Reg. No. 2,282,428 on October 5, 1999. CWL has since registered a handful of other U.S. marks containing or comprising LUSH, but none of the registered marks are in Class 25 (clothing).

Pinkette began selling clothing and accessories to United States consumers under the LUSH trademark in September 2003, and by the end of 2004, it had over a million dollars in sales of wholesale clothing under the LUSH mark. Pinkette

first applied for LUSH as U.S. trademark in Class 25 (clothing) on May 11, 2009, which issued as U.S. TM Reg. No. 3,816,441 on July 13, 2010.

### III. Legal Standards

#### A. The time period for analyzing the strength of a mark and its natural zone of expansion is at the time the junior user of the mark entered the market.

"When a senior user of a mark on product line A expands later into product line B and finds an intervening user, priority in product line B is determined by whether the expansion is 'natural' in that customers would have been confused as to source or affiliation *at the time of the intervening user's appearance*." See *Brookfield Communications., Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1051 (9th Cir. 1999) (emphasis added). In other words, a trademark's "natural zone of expansion" is confined by entrance of a junior user, and courts accordingly must evaluate the zone of natural expansion of the senior user's mark <u>only</u> as of the date the junior user adopted and used that mark. *See* 5 *McCarthy on Trademarks and Unfair Competition* § 26:20 (4th ed.).

"[A] senior user may not prevent use of a mark where the junior user enters a product market outside of the senior user's natural zone of expansion." *Saul Zaentz Co. v. Wozniak Travel, Inc.*, 627 F. Supp. 2d 1096, 1116 (N.D. Cal. 2008) (finding that the junior trademark user's travel services were not within the senior trademark user's natural zone of expansion from films and related merchandise at the time the junior user entered the market).

#### B. Expert testimony based on flawed methodology must be excluded.

Under Rule 702, the court functions as a gatekeeper and must assess whether an expert's opinion is both relevant and reliable. *Daubert,* 509 U.S. at 592 (1993); *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 147 (1999) (the "basic gatekeeping obligation" articulated in *Daubert* applies not only to scientific testimony but to all expert testimony). "Under *Daubert*, the district judge is 'a

gatekeeper, not a fact finder.'" *Primiano v. Cook*, 598 F.3d 558, 564–65 (9th Cir. 2010).

The court's review of expert testimony focuses "solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. Evidence should be excluded as unreliable if it "suffer[s] from serious methodological flaws." *Obrey v. Johnson*, 400 F.3d 691, 696 (9th Cir. 2005). "The reliability inquiry is 'a flexible one.'" *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014) (quoting *Kumho Tire*, 526 U.S. at 150). The burden is on the proponent of the expert testimony to show, by a preponderance of the evidence, that the admissibility requirements are satisfied. *Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996); *see also* Fed. R. Evid. 702 advisory committee's note.

**IV. Dr. Joachimsthaler's expert report and testimony are underpinned by a data set from an incorrect time period, and thus his analysis should be excluded in its entirety.**

Dr. Joachimsthaler purports to opine on, *inter alia*, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Pinkette began using LUSH for clothing in 2003, so the relevant period for analyzing the strength of the CWL LUSH mark and its natural zone of expansion is the 2003-2004 timeframe. Dr. Joachimsthaler's opinions, though, are premised almost entirely on data from 2010 to 2016, and so must be excluded because they are based on an inapposite time period. His use of irrelevant data renders the entirety of his opinions misleading and prejudicial in violation of Fed. R. Evid. 401, 402, 403, and 702.

**A.    The significant majority of Dr. Joachimsthaler's underlying data is not from 2003-2004, when Pinkette entered the market, and is therefore irrelevant.**

The Joachimsthaler Report purports to apply ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**None** of these citations are from the relevant 2003-2004 timeframe, however. In fact, many citations are dated **a decade or more later**, when CWL's LUSH brand was in an undeniably stronger position than it was when Pinkette entered the market in 2003. *See* Bringuel Decl. Ex. C ("Appendix A"), Fact Nos. 1-17. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4

**PINKETTE'S MOTION TO EXCLUDE JOACHIMSTHALER TESTIMONY**

[1] For convenience, these facts are set forth in Appendix A, which also specifies if the date is within the relevant time period of 2003-2004.

Shockingly, **more than** of the data that Dr. Joachimsthaler relies upon to form his opinions is based on instances or events that occurred after and thus are **not relevant** to the issue of CWL's brand strength and natural zone of expansion when Pinkette entered the market in 2003. Nor are these facts even arguably "close enough" to the relevant time period to render the data reliable—

### B. Dr. Joachimsthaler's deposition testimony highlights the erroneous factual underpinnings of his report.

When questioned during deposition about CWL's brand and business evolution, Dr. Joachimsthaler reinforced the differences in CWL and its use of the LUSH mark

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PINKETTE'S MOTION TO EXCLUDE JOACHIMSTHALER TESTIMONY**



25  In so concluding, Dr. Joachimsthaler disregards the underlying data—it is
26 evident that his conclusions are not the product of reliable principles or methods.
27 Instead, Dr. Joachimsthaler presents critically misleading conclusions in violation
28 of Fed. R. Evid. 401, 402, 403, and 702.

## V. CONCLUSION

The law on natural zone of expansion and intervening use is clear: "When a senior user of a mark on first product line expands later into separate product line and finds an intervening user, priority in second product line is determined by whether the expansion is natural in that customers would have been confused as to source or affiliation at the time of the intervening user's appearance." *Brookfield*, 174 F.3d at 1051. The time of the Pinkette's appearance is 2003-2004. ▮ Relying on data that is ▮ unquestionably leads to irrelevant and prejudicial expert opinions.

The Court should exclude evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and wasting time. Fed. R. Evid. 403. Because Dr. Joachimsthaler's opinions are underpinned by a critically flawed data set, his report and opinions are irrelevant and must be excluded under Fed. R. Evid. 401 and 402. Finally, Dr. Joachimsthaler's opinions must also be excluded under Fed. R. Evid. 702 and *Daubert*, because they are misleading and thus do not do not assist the trier of fact to understand evidence or determine a fact at issue.

Dated: December 16, 2016         LTL ATTORNEYS LLP

_____
James Lee
Attorneys for Plaintiff/Counter Defendant
Pinkette Clothing, Inc.