1  Wayne W. Call, Bar No. 56676
     wcall@calljensen.com
2  Scott P. Shaw, Bar No. 223592
     sshaw@calljensen.com
3  Deborah A. Gubernick, Bar No. 242483
     dgubernick@calljensen.com
4  Samuel G. Brooks, Bar No. 272107
     sbrooks@calljensen.com
5  CALL & JENSEN
   A Professional Corporation
6  610 Newport Center Drive, Suite 700
   Newport Beach, CA  92660
7  Tel:   (949) 717-3000
   Fax:   (949) 717-3100
8
9
10  Ian G. McFarland, *pro hac vice*
      imcfarland@merchantgould.com
11  MERCHANT & GOULD P.C.
    9717 Cogdill Road, Suite 101
12  Knoxville, TN 37932-3322
    Tel.: (865) 380-5990
13  Fax: (865) 380-5999
14
15  John A. Clifford, *pro hac vice*
      jclifford@merchantgould.com
16  Heather J. Kliebenstein, *pro hac vice*
      hkliebenstein@merchantgould.com
17  Rachel Z. Scobie, *pro hac vice*
      rscobie@merchantgould.com
18  Linhda Nguyen, Bar No. 301157
      lnguyen@merchantgould.com
19  MERCHANT & GOULD P.C.
    3200 IDS Center
20  80 South Eighth Street
    Minneapolis, MN 55402-2215
21  Tel.: (612) 371-5228
    Fax: (612) 332-9081
22
23  Attorneys for Defendant Cosmetic Warriors Limited
24
25               UNITED STATES DISTRICT COURT
26               CENTRAL DISTRICT OF CALIFORNIA
27
28  PINKETTE CLOTHING, INC., a      | Case No.  15-CV-04950-SJO-AJW
    California corporation,          |

LUS02-01:1851010_1:12-16-16                         - 1 -

|  | |
|---|---|
| Plaintiff, | **DEFENDANT'S MOTION *IN LIMINE* NO. 8 TO EXCLUDE TESTIMONY FROM DR. HIBBARD REGARDING THE LEGAL RELEVANCE OF DR. JOACHIMSTHALER'S TESTIMONY** |
| vs. | |
| COSMETIC WARRIORS LIMITED, believed to be a United Kingdom limited company doing business as LUSH HANDMADE COSMETICS, and DOES 1-9, inclusive, | |
| Defendants. | Date:       January 24, 2017<br>Time:       9:00 a.m.<br>Crtrm:      10C |

Complaint Filed:   June 30, 2015
Trial Date:           January 24, 2017

Defendant Cosmetic Warriors Limited ("CWL") submits this motion *in limine* to exclude testimony from Dr. Jonathon Hibbard regarding the legal relevance of Dr. Erich Joachimsthaler.

I.   **INTRODUCTION**

Defendant Cosmetic Warriors Limited ("CWL") moves to exclude part of the testimony of Dr. Jonathan Hibbard ("Hibbard"), the marketing expert hired by Plaintiff Pinkette Clothing, Inc. ("Pinkette"). Specifically, one part of Hibbard's expert report, and anticipated testimony, is directed not to facts within his area of expertise, but rather to whether CWL's marketing expert's opinions apply the proper legal standard. It is not the place of an expert to instruct the jury on the law. Accordingly, that testimony should be precluded.

///
///
///
///
///

DEFENDANT'S MOTION IN LIMINE NO. 8 TO EXCLUDE TESTIMONY FROM DR. HIBBARD REGARDING THE LEGAL RELEVANCE OF DR. JOACHIMSTHALER'S TESTIMONY

## II.    FACTUAL BACKGROUND

In order to aid in demonstrating the strength of the LUSH brand at trial, CWL retained the services of Dr. Erich Joachimsthaler ("Joachimsthaler"), a world-wide expert in marketing, branding strategy and consumer behavior.  (Decl. of Heather J. Kliebenstein ("Kliebenstein Decl.") Ex. 1 ("Joachimsthaler Report").)   Joachimsthaler will testify regarding issues relevant to the likelihood of confusion analysis, particularly the strength of the LUSH brand, the relatedness of the parties' products and services, the channels of trade and the nature of the parties' customers.

Pinkette hired Hibbard to rebut the Joachimsthaler Report.  Hibbard authored a report ("Hibbard Report") that criticized various parts of the Joachimsthaler Report.  In his report, Hibbard set forth his understanding of the law as told to him by Pinkette's counsel. (Kliebenstein Decl. Ex. 2 at ¶ 13.)   Hibbard also opined that, based on his own understanding of the applicable law, the analysis in the Joachimsthaler Report is legally irrelevant:

> Dr. Joachimsthaler's analysis of the status of CWL's LUSH Cosmetics/Toiletries brand in the US market relies primarily on data and evidence from the time frame of 2013-2016.  Thus, his conclusions are *irrelevant* with respect to the status of CWL's LUSH Cosmetics/Toiletries brand in 2003-2004, which is the timeframe in which the analysis should have been focused.

(*Id.* at ¶ 12.)  Paragraphs 12-53 of the Hibbard Report are solely focused on expressing his opinion that Joachimsthaler's discussion of the strength of the LUSH brand is legally irrelevant because the Joachimsthaler Report does not solely focus on 2003-2004.  (*Id.* at ¶¶ 12-53.)  Hibbard stood by this opinion at his deposition, where he agreed that the opinions expressed in those paragraphs of his report focus solely on his criticism of Joachimsthaler's use a  time frame that Hibbard argues is not legally relevant:

> Q: The first area [of criticism] deals with your criticisms of Dr. Joachimsthaler for not looking at 2003 to 2004, correct?

DEFENDANT'S MOTION IN LIMINE NO. 8 TO EXCLUDE TESTIMONY FROM DR. HIBBARD REGARDING THE LEGAL RELEVANCE OF DR. JOACHIMSTHALER'S TESTIMONY

A: My criticism for only looking at 2014, 2015, '16 data.  So that's my criticism of [Dr. Joachimsthaler].

Q: Okay.  Because the relevant time period is 2003, 2004.

(Kliebenstein Decl. Ex. 3 at 43:13-44:22; *see also* 56:2, 57:20-58:4, 59:18-19, 61:14-20, 69:18-19, 70:14-20, 75:15-16. 76:12-18.) At his deposition, Hibbard acknowledged that his conclusions regarding Joachimsthaler's use of the 2014 to 2016 timeframe would be incorrect if Hibbard's understanding of the law was mistaken.  (*Id.* at 43:3-44:16.)

## III. ARGUMENT

### A.    Expert Testimony Must Be Helpful and Not Prejudicial.

The admissibility of expert testimony is governed by Fed. R. Evid. 702.  That rule requires that an expert have "specialized knowledge" that will "help the trier of fact to understand the evidence or to determine a fact at issue."  Fed. R. Evid. 702.  District courts perform the gate-keeping function of determining whether expert testimony is relevant (i.e., helpful) and reliable.  *Novalogic, Inc. v. Activision Blizzard*, 41 F. Supp. 3d 885, 894 (C.D. Cal. 2013).  The burden of demonstrating that expert testimony satisfies Rule 702 and *Daubert* is on the proponent of the testimony.  *Id.* at 895.

### B.    Dr. Hibbard's Testimony Purporting to State the Law Is Unhelpful and Prejudicial.

Paragraphs 12-53 of the Hibbard Report should be excluded under Rule 702 as unhelpful and prejudicial because they represent nothing more than comments on the legal relevance of the Joachimsthaler Report.  But the legal relevance of a witness's testimony, such as that proffered in the Joachimsthaler Report, is not the province of an expert witness, but rather is an issue for the Court to decide.  *See, e.g., Honeywell v. ICM Controls*, 45 F. Supp. 3d 969, 1010 (D. Minn. 2014) ("[I]t is the Court's role to advise the jury about the applicable law and to police the acceptability of other experts' testimony."); *Russo v. Ballard Medical Prods.*, No. 2:05 CV 59, 2006 U.S. Dist. LEXIS 57130, at *43 (D. Utah Aug. 10, 2006) (excluding patent lawyer expert testimony on the applicability of federal patent law and whether the plaintiff had a legal duty to disclose prior art under that law);

1   *Orthoflex, Inc. v. ThermoTek, Inc*., No. 3:11-cv-0870, 2013 U.S. Dist. LEXIS 174670, at

2   *92-93 (N.D. Tex. Nov. 20, 2013) (expert not allowed to opine another expert's opinions

3   were "not germane to the issues in this case" because the opinions gave legal significance to

4   facts).

5          The Hibbard Report sets forth what Hibbard has been told is the proper legal

6   standard; namely, that 2003-2004 (when infringement began) is the legally correct time

7   frame in which to assess the strength of the CWL LUSH brand.  (Kliebenstein Decl. Ex. 1

8   at ¶ 12-13.)   Then, in paragraphs 13-53 of the Hibbard Report, Hibbard merely restates

9   Joachimsthaler's various opinions and concludes that those opinions are not legally relevant

10  because they focus on the wrong time frame under the law.  (*Id*. at ¶¶ 13-53.)  Even if

11  Pinkette is correct about the legal standard (which it is not[1]), allowing Hibbard to provide

12  such testimony would improperly allow a marketing expert to instruct the jury about the

13  proper legal standards.  Instruction on the law is the province of the Court.

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26

---

27  [1] Contrary to Hibbard's assertions, in a trademark infringement lawsuit involving forward confusion, like this case, the strength of an asserted mark "at the time of litigation" is the primary focus.  McCarthy on Trademarks § 11:83; *Aurora World, Inc. v. Ty Inc.*, 719 F. Supp. 2d 1115, 1159 (C.D. Cal. 2009) (looking at the marketplace strength of the mark at the time of the litigation or when registration is sought).

28

DEFENDANT'S MOTION IN LIMINE NO. 8 TO EXCLUDE TESTIMONY FROM DR. HIBBARD REGARDING
THE LEGAL RELEVANCE OF DR. JOACHIMSTHALER'S TESTIMONY

## IV.   CONCLUSION

For all the reasons stated, CWL respectfully requests the Court grant its motion to exclude Hibbard's opinions regarding the legal relevance of Dr. Joachimsthaler's testimony.

DATED: December 16, 2016                     Respectfully submitted,

                                             /s/ Samuel G. Brooks
                                             Wayne W. Call
                                             Scott P. Shaw
                                             Deborah A. Gubernick
                                             Samuel G. Brooks
                                             CALL & JENSEN, APC
                                             610 Newport Center Drive
                                             Suite 700
                                             Newport Beach, California 92660
                                             Telephone: (949) 717-3000
                                             Facsimile: (949) 717-3100

                                             John A. Clifford, *pro hac vice*
                                             Heather J. Kliebenstein, *pro hac vice*
                                             Ian G. McFarland, *pro hac vice*
                                             Rachel Z. Scobie, *pro hac vice*
                                             Linhda Nguyen
                                             MERCHANT & GOULD P.C.
                                             3200 IDS Center
                                             80 South Eighth Street
                                             Minneapolis, Minnesota 55402-2215
                                             Telephone: (612) 332-5300
                                             Facsimile: (612) 332-9081

                                             Counsel for Defendant Cosmetic Warriors Ltd.

DEFENDANT'S MOTION IN LIMINE NO. 8 TO EXCLUDE TESTIMONY FROM DR. HIBBARD REGARDING THE LEGAL RELEVANCE OF DR. JOACHIMSTHALER'S TESTIMONY