1  Wayne W. Call, Bar No. 56676
     wcall@calljensen.com
2  Scott P. Shaw, Bar No. 223592
     SShaw@calljensen.com
3  Deborah A. Gubernick, Bar No. 242483
     DGubernick@calljensen.com
4  Samuel G. Brooks, Bar No. 272107
     SBrooks@calljensen.com
5  CALL & JENSEN
   A Professional Corporation
6  610 Newport Center Drive, Suite 700
   Newport Beach, CA  92660
7  Tel:   (949) 717-3000
   Fax:  (949) 717-3100
8
9
10 Ian G. McFarland, *pro hac vice*
     imcfarland@merchantgould.com
11 MERCHANT & GOULD P.C.
   9717 Cogdill Road, Suite 101
12 Knoxville, TN 37932-3322
   Tel.: (865) 380-5990
13 Fax: (865) 380-5999

14
   John A. Clifford, *pro hac vice*
15   jclifford@merchantgould.com
   Heather J. Kliebenstein, *pro hac vice*
16   hkliebenstein@merchantgould.com
   Rachel Z. Scobie, *pro hac vice*
17   rscobie@merchantgould.com
   Linhda Nguyen, Bar No. 301157
18   lnguyen@merchantgould.com
   MERCHANT & GOULD P.C.
19 3200 IDS Center
   80 South Eighth Street
20 Minneapolis, MN 55402-2215
   Tel.: (612) 371-5228
21 Fax: (612) 332-9081
22
23 Attorneys for Defendant Cosmetic Warriors Limited

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINKETTE CLOTHING, INC., a California corporation, | Case No.  15-CV-04950-SJO-AJW |

| | |
|---|---|
| Plaintiff, | **DEFENDANT'S MOTION *IN LIMINE* NO. 4 *TO EXCLUDE HIBBARD AND ISAACSON*** |
| vs. | |
| COSMETIC WARRIORS LIMITED, believed to be a United Kingdom limited company doing business as LUSH HANDMADE COSMETICS, and DOES 1-9, inclusive, | Date: January 24, 2017<br>Time: 9:00 a.m.<br>Crtrm: 10C |
| Defendants. | |
| | Complaint Filed: June 30, 2015<br>Trial Date: January 24, 2017 |

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................1

II. FACTUAL BACKGROUND................................................................................1

III. ARGUMENT ......................................................................................................2

IV. CONCLUSION ...................................................................................................4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A. H. Lundberg Assocs. v. TSI, Inc.*,
No. C14-1160, 2016 U.S. Dist. LEXIS 101422
(W.D. Wash. Aug. 1, 2016) .................................................................................. 4

*Irwin Seating Co. v. IBM*,
No. 1:04-CV-568, 2006 U.S. Dist. LEXIS 86988
(W.D. Mich. Nov. 29, 2006) ............................................................................ 2, 4

*Irwin Seating Co. v. IBM*,
No. 1:04-CV-568, 2007 U.S. Dist. LEXIS 10472
(W.D. Mich. Feb. 14, 2007) ............................................................................. 3, 4

*Chapter 7 Tr. of Student Fin. Corp. v. Pepper Hamilton LLP
(In re Student Fin. Corp.)*, No. 04-56423, 2007 U.S. Dist. LEXIS 95882
(D. Del. May 25, 2007) .................................................................................... 3, 4

**Other Authorities**

Federal Rule of Evidence 408 ................................................................................ 1, 2

# INDEX OF ABBREVIATIONS

| | |
|---|---|
| "ADR" | Alternative Dispute Resolution |
| "Agreement" | Mediation Confidentiality Agreement |
| "CWL" | Defendant Cosmetic Warriors Limited |
| "Hibbard" | Plaintiff Pinkette Clothing, Inc.'s expert Mr. Jonathan |
| "Isaacson" | Plaintiff Pinkette Clothing, Inc.'s expert Dr. Bruce Isaacson |
| "Pinkette" | Plaintiff Pinkette Clothing, Inc. |
| "Pinkette's Experts" | Referring to Mr. Jonathan Hibbard and Dr. Bruce Isaacson collectively |
| "Scobie Decl." | Declaration of Rachel Zimmerman Scobie |
| "Statement" | CWL's Confidential Mediation Statement |

## I.  INTRODUCTION

The proposed testimony of Mr. Jonathan Hibbard ("Hibbard") and Dr. Bruce Isaacson ("Isaacson") (collectively "Pinkette's Experts") should be excluded. These experts improperly received and considered the Confidential Mediation Statement (the "Statement") submitted by Cosmetic Warriors Limited ("CWL") in connection with the parties' mediation of this case. That Statement constitutes protected material pursuant to the parties' Mediation Confidentiality Agreement (the "Agreement") and Federal Rule of Evidence 408. CWL provided the Statement to Plaintiff Pinkette Clothing, Inc. ("Pinkette") for settlement purposes only and the Statement was, pursuant to the Agreement, to be used only in connection with those settlement discussions. CWL did not authorize Pinkette to disclose the Statement to any other person, including Pinkette's Experts. Such improper disclosure and use of the Statement violates both the Agreement and Rule 408. The integrity and effectiveness of the Alternative Dispute Resolution ("ADR") process is damaged if parties cannot rely on each other's agreement to maintain the confidentiality of information disclosed in connection with that process. Litigants cannot honestly and openly participate in ADR if they fear their confidential mediation statements, or the contents thereof, may find their way into evidence through adverse expert witnesses.

Pinkette cannot unring the bell; Pinkette's Experts' opinions and proffered testimony are tainted. CWL requests Hibbard and Isaacson be excluded as expert witnesses.

## II.  FACTUAL BACKGROUND

Pinkette filed this action in June of 2015, seeking a declaratory judgment of, *inter alia*, no trademark infringement. (Doc. No. 1 at Section V.) Pursuant to the local rules of this Court, which encourage alternative dispute resolution (L.R. 16-15), the parties participated in private mediation. As part of that process, both parties signed the Agreement, which stated that

> [n]o written or oral communication made by any party, attorney, mediator or other participant in mediation in the above-named case may be used *for any purpose* in any pending or future proceeding unless the parties, including the



mediator, so agree.

(Declaration of Rachel Zimmerman Scobie ("Scobie Decl.") Ex. A at ¶ 1 and signature block (emphasis added).) CWL's confidential Statement was a written communication made by an attorney in the mediation. That Statement included CWL's assessment of the case, its litigation position, and prior settlement offers. (*Id*. at Ex. B.) It specifically stated "**PROTECTED BY RULE 408 OF THE FEDERAL RULES OF EVIDENCE**" and "**FOR SETTLEMERNT [sic] PURPOSES ONLY**." (*Id*. at 1 (emphasis in original).)

Despite the clear prohibition in the Agreement against use for any purpose other than the mediation, Pinkette provided CWL's Statement to its expert witnesses—Hibbard and Isaacson. Pinkette's Experts admit this. Indeed, Hibbard's report identifies CWL's Statement in its list of materials reviewed, (*Id*. at Ex. C at Appendix B) and Hibbard and Isaacson both testified that they reviewed the Statement. (*See id*. at Ex. D at 33:13-23; Ex. E at 58:5-21.) Although both said they did not "rely on" the Statement in forming their opinions, (*Id*. at Ex. D at 33:13-23; Ex. E at 58:5-21), this does not cure the problem because there is no way to determine how the mediation Statement may have consciously or unconsciously shaped Pinkette's Experts' evaluations. (*See*, *infra*, Part III (citing *Irwin Seating Co. v. IBM*, No. 1:04-CV-568, 2006 U.S. Dist. LEXIS 86988, at *10 (W.D. Mich. Nov. 29, 2006).) Moreover, the testimony concerning lack of reliance does not appear to be true. Isaacson did, in fact, cite to the Statement as support for a comment offered in his report. (Scobie Decl. at Ex. F at ¶ 53 and n.19.)

Hibbard's and Isaacson's consideration of CWL's Statement is improper, violates the parties' mediation Agreement, infects their analysis, and warrants exclusion of their testimony at trial.

## III. ARGUMENT

Pinkette provided, and Pinkette's Experts reviewed and considered, CWL's confidential mediation Statement. (*See*, *supra*, Part II.) This disclosure prejudices CWL, threatens the goals of the mediation process, breaches the parties' Agreement, and renders Pinkette's Experts' opinions inadmissible.

First, Pinkette's Experts' review of the Statement prejudices CWL. The Statement contained sensitive information including CWL's assessment of the case and litigation position. And, because the information provided in the Statement is "motivated by a desire for peace rather than from a concession of the merits of the claim, the use of these sort of facts would be highly misleading if allowed to be used for purposes other than settlement." *Irwin Seating Co. v. IBM*, No. 1:04-CV-568, 2007 U.S. Dist. LEXIS 10472, at *11-12 (W.D. Mich. Feb. 14, 2007) (also stating that the confidential mediation information provided to the expert is "inherently prejudicial" and provides an "ill-gotten advantage") (internal quotations omitted).

Second, Pinkette's Experts' consideration of the Statement undermines the goals as well as the efficacy of the mediation process. Mediation encourages parties to negotiate and consider settlement options without the fear of incurring ramifications from participating in settlement negotiations. *Chapter 7 Tr. of Student Fin. Corp. v. Pepper Hamilton LLP (In re Student Fin. Corp.)*, No. 04-56423, 2007 U.S. Dist. LEXIS 95882, at *5 (D. Del. May 25, 2007) ("The judicial system encourages the resolution of disputes by mediation and settlement. It is axiomatic that the assurance of confidentiality for communications made during the course of settlement negotiations is a critical component of the process. Particularly, in the event that settlement discussions do not resolve the dispute, the parties must be able to litigate their claims in the courtroom without the pall-like presence of confidential negotiation statements influencing the arguments."). This objective is thwarted when statements provided during the mediation process are later used by the parties for purposes other than settlement. *Id.*; *Irwin Seating Co.*, 2007 U.S. Dist. LEXIS 10472, at *12. Parties are not likely to fully engage in the mediation process if they cannot rely on the assurance that their confidential mediation statements will not later be used against them by experts or otherwise.

Third, the parties' Agreement is clear. CWL's Statement was confidential and, aside from the mediation discussions for which it was prepared, was not to be used "***for any purpose*** in any pending or future proceeding . . . ." (Scobie Decl. Ex. A at ¶ 1 (emphasis

added).) Pinkette's unilateral decision to violate the Agreement, share the confidential Statement with Hibbard and Isaacson, and allow them to consider the confidential Statement in preparing their expert reports cannot be condoned. This violation warrants exclusion of Pinkette's Experts. *Chapter 7 Tr. of Student Fin. Corp.*, 2007 U.S. Dist. LEXIS 95882, at *4-5 (excluding experts and "conclude[ing] that, in light of the parties' Mediation Agreement and strong policy considerations favoring a confidential mediation process, Defendants' motion should be granted. With respect to the Mediation Agreement, the Court concludes that the language is clear on its face that statements made during the course of mediation were not to be disclosed to third parties, including experts").

Pinkette's Experts cannot unlearn the information they have seen. *Irwin Seating Co. v. IBM*, No. 1:04-CV-568, 2006 U.S. Dist. LEXIS 86988, at *10 (W.D. Mich. Nov. 29, 2006) ("The bell has been rung" and there is no way to determine how the mediation statements may have consciously or unconsciously shaped the experts' evaluations). Their testimony should be excluded in its entirety. *A. H. Lundberg Assocs. v. TSI, Inc.*, No. C14-1160, 2016 U.S. Dist. LEXIS 101422, at *2, 6 (W.D. Wash. Aug. 1, 2016) (denying request for reconsideration of decision that excluded experts who had reviewed confidential mediation statement); *Chapter 7 Tr. of Student Fin. Corp.*, 2007 U.S. Dist. LEXIS 95882, at *5-6 (excluding experts who considered confidential mediation submissions); *Irwin Seating Co.*, 2007 U.S. Dist. LEXIS 10472, at *16-17 (affirming decision to exclude experts who considered confidential mediation statement).

///
///
///
///
///
///
///
///

## III. CONCLUSION

For all the reasons stated, CWL respectfully requests the Court grant its motion to exclude Pinkette's experts Hibbard and Isaacson.

DATED: December 16, 2016                    Respectfully submitted,

*/s/Samuel G. Brooks*
Wayne W. Call
Scott P. Shaw
Deborah A. Gubernick
Samuel G. Brooks
CALL & JENSEN, APC
610 Newport Center Drive
Suite 700
Newport Beach, California 92660
Telephone: (949) 717-3000
Telefax: (949) 717-3100

John A. Clifford, *pro hac vice*
Heather J. Kliebenstein, *pro hac vice*
Ian G. McFarland, *pro hac vice*
Rachel Z. Scobie, *pro hac vice*
Linhda Nguyen
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402-2215
Telephone: 612.332.5300
Facsimile: 612.332.9081

Counsel for Defendant Cosmetic Warriors Ltd.