LTL ATTORNEYS LLP
James M. Lee (SBN 192301)
james.lee@ltlattorneys.com
David A. Crane (SBN 305999)
david.crane@ltlattorneys.com
300 S. Grand Ave., 14th Floor
Los Angeles, California 90071
Tel.: 213-612-8900 / Fax: 213-612-3773

Attorneys for Plaintiff/Counter-Defendant
Pinkette Clothing, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINKETTE CLOTHING, INC., <br><br> Plaintiff, <br><br> v. <br><br> COSMETIC WARRIORS LIMITED, et al., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | CASE NO. 15-CV-4950 SJO (AJWx) <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* NO. 8 TO EXCLUDE TESTIMONY FROM DR. HIBBARD REGARDING THE LEGAL RELEVANCE OF DR. JOACHIMSTHALER'S TESTIMONY** <br><br> **[REDACTED PUBLIC VERSION]** <br><br> <u>Hearing</u> <br> Date: January 24, 2017 <br> Time: 9:00 a.m. <br> Crtrm: 10C <br> Judge: Hon. S. James Otero <br><br> Pretrial Conf. Date: January 17, 2017 <br> Trial Date: January 24, 2017 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Dr. Jonathan Hibbard was retained by Plaintiff Pinkette Clothing, Inc. ("Pinkette") to examine the opinions of Dr. Erich Joachimsthaler, one of Defendant Cosmetic Warriors Limited's ("CWL") experts, regarding the strength of CWL's LUSH Brand. In so doing, Dr. Hibbard revealed several significant flaws with Dr. Joachimsthaler's opinions, including flaws with the data relied upon by Dr. Joachimsthaler in reaching those opinions.[1] CWL now argues that Dr. Hibbard's report and testimony concerning the relevance of Dr. Joachimsthaler's opinions must be excluded because, according to CWL, he is merely commenting on the "legal relevance" of these opinions. CWL, however, mischaracterizes Dr. Hibbard's testimony and opinions. Rather, Dr. Hibbard's testimony concerns whether Dr. Joachimsthaler's opinions are relevant *as to a particular time period* (and not in relation to any particular legal standard), and therefore is otherwise admissible under Fed. R. Evid. 702 and *Daubert*.[2] Accordingly, Pinkette respectfully requests that the Court deny CWL's motion.

## II. ARGUMENT

### A. Legal Standard

Under Rule 702, the court functions as a gatekeeper in assessing whether an expert's opinion is both relevant and reliable. *Daubert,* 509 U.S. at 592; *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 147 (1999) (the "basic gatekeeping obligation" articulated in *Daubert* applies not only to scientific testimony but to all expert testimony). Accordingly, the court's review of expert testimony focuses "solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595.

---

[1] Pinkette has separately moved to exclude Dr. Joachimsthaler's opinions, which are completely undermined by these flaws.

[2] *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

1

Although "[e]xpert testimony is not proper for issues of law," *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996), "[t]his does not mean [] that an expert cannot incorporate legal assumptions into his or her analysis . . . ." *Villalpando v. Exel Direct Inc.*, 161 F. Supp. 3d 873, 895 (N.D. Cal. 2016). Further, "a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004)) (quotation marks and citation omitted).

### B. Dr. Hibbard's Testimony Regarding the Relevance of Dr. Joachimsthaler's Opinions Is Not Inadmissible "Legal" Testimony.

CWL claims that Dr. Hibbard's opinions regarding the flaws in the data set underlying Dr. Joachimsthaler's opinions constitute an impermissible commentary on the law because, according to CWL, Dr. Hibbard is opining simply that "the analysis in the Joachimsthaler Report is *legally irrelevant*." Dkt. 119 at 3 (emphasis added). This is a plain mischaracterization of Dr. Hibbard's opinions.

What Dr. Hibbard actually says in his report (and what CWL quotes) is:

[REDACTED]

Dkt. 119-2, Kliebenstein Decl. Ex. 2 ("Hibbard Rpt.") (emphasis added). Dr. Hibbard's report makes abundantly clear that [REDACTED]



CWL cites excerpts of Dr. Hibbard's deposition testimony that it claims supposedly prove Dr. Hibbard "agreed" that the opinions expressed in those paragraphs of his report "focus solely on his criticism of Joachimsthaler's use [of] a time frame that Hibbard argues is not *legally relevant*." Dkt. 119 at 3 (emphasis added). This, too, is a mischaracterization of Dr. Hibbard's testimony. What Dr. Hibbard actually testified was: "Q: The first area deals with your criticisms of Dr. Joachimsthaler for not looking at 2003 to 2004, correct? A: My criticism for only looking at 2014, 2015, '16 data." Dkt. 119-2, Kliebenstein Decl. Ex. 3 ("Hibbard Dep.") at 43:13-17. This testimony does not somehow establish Dr. Hibbard's agreement that he is merely opining on whether Dr. Joachimsthaler's opinions are "legally relevant"; rather, it explains the basis of Dr. Hibbard's criticism that Dr. Joachimsthaler's opinions are irrelevant to CWL's brand strength *in 2003-2004*. Indeed, Dr. Hibbard testified that his goal was to reach a conclusion about the strength and status of CWL's LUSH brand *in 2003-2004*. *See id.* at 41:10-14 ("A: The analysis I did was I tried to use 2003, 2004 data. Q: To make a conclusion about the strength and status of the LUSH brand in 2003 to 2004, correct? A: Yes. Correct.").

The fact that some of Dr. Hibbard's opinions are based on his understanding and application of a particular legal standard does not render these opinions impermissible "legal opinions." *See Hangarter*, 373 F.3d at 1017; *Villalpando*, 161 F. Supp. 3d at 895. And of course, Pinkette will not ask Dr. Hibbard to testify

as to what legal standards are to be applied by the jury, such as whether the correct time frame for evaluating the strength of CWL's LUSH mark is when Pinkette first entered the market or at the time of litigation.

Importantly, Dr. Hibbard's opinions regarding the relevance of Dr. Joachimsthaler's opinions to the 2003 to 2004 time period directly rebut the position taken by Dr. Joachimsthaler. In particular, ▌ It is thus clear that Dr. Hibbard is offering nothing more than permissible rebuttal expert testimony.

## III. CONCLUSION

For the reasons stated above, Pinkette respectfully requests that the Court deny CWL's motion to exclude Dr. Hibbard's opinions and report concerning the relevance of Dr. Joachimsthaler's opinions.

Dated: December 23, 2016

LTL ATTORNEYS LLP

By: /s/ James M. Lee

James M. Lee
Attorneys for Plaintiff/Counter Defendant
Pinkette Clothing, Inc.