Wayne W. Call, Bar No. 56676
  wcall@calljensen.com
Scott P. Shaw, Bar No. 223592
  SShaw@calljensen.com
Deborah A. Gubernick, Bar No. 242483
  DGubernick@calljensen.com
Samuel G. Brooks, Bar No. 272107
  SBrooks@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Ian G. McFarland, *pro hac vice*
  imcfarland@merchantgould.com
MERCHANT & GOULD P.C.
9717 Cogdill Road, Suite 101
Knoxville, TN 37932-3322
Tel.: (865) 380-5990
Fax: (865) 380-5999

John A. Clifford, *pro hac vice*
  jclifford@merchantgould.com
Heather J. Kliebenstein, *pro hac vice*
  hkliebenstein@merchantgould.com
Rachel Z. Scobie, *pro hac vice*
  rscobie@merchantgould.com
Linhda Nguyen, Bar No. 301157
  lnguyen@merchantgould.com
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215
Tel.: (612) 371-5228
Fax: (612) 332-9081

Attorneys for Defendant Cosmetic Warriors Limited

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PINKETTE CLOTHING, INC., a California corporation, | Case No.  15-CV-04950-SJO-AJW |

|   |   |
|---|---|
| Plaintiff, | **DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 4 TO EXCLUDE HIBBARD AND ISAACSON** |
| vs. |   |
| COSMETIC WARRIORS LIMITED, believed to be a United Kingdom limited company doing business as LUSH HANDMADE COSMETICS, and DOES 1-9, inclusive, | Date:  January 24, 2017<br>Time:  9:00 a.m.<br>Place:  10C |
| Defendants. |   |
|   | Complaint Filed:  June 30, 2015<br>Trial Date:        January 24, 2017 |

## I. INTRODUCTION

Pinkette does not deny it violated the Confidentiality Mediation Agreement when it disclosed CWL's confidential Mediation Statement (the "Statement") to its experts Hibbard and Isaacson. (*See* Doc. No. 145.) Instead, Pinkette attempts to deflect attention from its clear violation by suggesting 1) that CWL delayed in raising the issue and should have brought this motion before the ADR Program Director; 2) its disclosure was inadvertent; 3) that exclusion is too severe a sanction; and 4) that CWL also violated the Agreement by bringing the details of the matter to this Court's attention. Pinkette's effort in misdirection does not change the facts: Pinkette disclosed CWL's confidential Statement to its experts, it violated the Agreement in doing so, and its disclosure was not inadvertent. Rather, it was part of a pattern of ongoing violations throughout this case that evidence Pinkette's willful disregard for established rules and bad faith, or evidence conduct tantamount to bad faith. CWL's motion to exclude Hibbard and Isaacson should be granted.

## II. ARGUMENT

Pinkette admits that it disclosed CWL's confidential Statement to Hibbard and Isaacson and that both experts reviewed the Statement. (*See id.* at 2.) This information was considered when Hibbard and Isaacson prepared their reports. Their opinions are, therefore, tainted and should be excluded.

### A. CWL did not delay in bringing this motion.

Pinkette accuses CWL of "inexplicable delay" in bringing this motion with the goal of "maximiz[ing] prejudice to Pinkette by waiting until the last minute when there is insufficient time to implement the simple remedy of substitute experts." (*Id.* at 2.) Not so. First, Pinkette neglects to advise the Court that on October 20, 2016, CWL specifically told Pinkette that the disclosure of the Statement to its experts was improper, that it disqualified them from testifying at trial, and that CWL would bring the issue to the Court:

> [Mr. Clifford]: And, Counsel, I'll tell you now, we object to this witness on the basis that he was given private information that was provided under mediation agreement and pursuant to terms of mediation which prohibit use of anything done in mediation other than for purposes of mediation. In fact, I think his entire work product is tainted by that, which disqualifies him for any testimony at trial. We'll be addressing that with the court. I'll alert you to that.
>
> MR. BRINGUEL: Thank you. We disagree.

(Declaration of Heather J. Kliebenstein ("Kliebenstein Decl.") Ex. 1 at 65:7-16; *see also id.* at 63:22-65:6.) Pinkette has been on notice since then that this very motion was coming. Pinkette chose to do nothing to attempt to remediate the issue, likely because there was no remedy then or now other than the requested exclusion.

The motion in limine deadline is the appropriate time to bring motions to exclude evidence, and CWL's motion was timely. Pinkette's suggestion that CWL purposefully delayed in order to maximize prejudice to Pinkette is completely belied by the notice given to Pinkette of this intended motion two months ago. And, more importantly, even if CWL immediately raised Pinkette's violation following Dawes's October 20, 2016 deposition, the outcome would be the same. The expert disclosure deadlines—September 14, 2016, for opening reports, and October 5, 2016, for responsive reports—had already passed. Pinkette could not have retained a substitute expert.

**B.   Pinkette's suggestion that the ADR program director can order trial evidence excluded is wrong.**

CWL's motion seeks exclusion of testimony at trial. The ADR Program Director has no authority to make such an order. The only person with the authority to make such an order is the District Judge presiding over the trial. The General Order No. 10-11, cited by Pinkette, concerns complaints about the mediation process—i.e., when, where, who is present, etc. (Doc. No. 148-2 at 53-54 (§§ 10.1, 10.2).) It has nothing to do with how or before whom a motion to exclude evidence should be brought. And it

certainly does not suggest that a party cannot or should not seek exclusion of evidence at trial by filing a motion in limine.[1]

### C. Pinkette's violation was not inadvertent. It is part of a pattern of repeated misuse of CWL's confidential information that evidences bad faith or conduct tantamount to bad faith.

Pinkette asserts that its disclosure of the Statement to its experts was "inadvertent." (Doc. No. 145 at 6-7.) But when CWL first raised this issue with Pinkette in October, Pinkette's counsel asserted it had done nothing wrong. (*See* Kliebenstein Decl. Ex. 1 at 63:22-65:16.) If it were an inadvertent error, a very different response would have been expected upon CWL pointing it out.

Pinkette's assertion of inadvertence is further belied by its repeated flouting of the confidentiality rules laid out in the Protective Order agreed to by the Parties and entered by this Court. (Doc. No. 34.) On September 12, 2016, CWL was forced to file a motion for contempt and sanctions against Pinkette and its counsel for violating the Protective Order. (Doc. Nos. 56; 56-1.) In particular, CWL explained that Pinkette's counsel had shown a document, designated by CWL as CONFIDENTIAL under the Protective Order, to a third party who was not authorized to review it. (Doc. No. 56-1 at 10-13 (also explaining that Pinkette's counsel failed to acknowledge his mistake and take appropriate remedial action).) The Court granted CWL's motion for sanctions in the form of attorneys' fees. (Doc. No. 95 at 1.) In doing so the Court stated: "Meticulous compliance with protective orders regarding confidentiality is essential . . . . and the shifting of defendant's attorneys fees to plaintiff and/or its counsel will help to ensure that plaintiff's counsel is more careful in the future." (*Id.*)

---

[1] *Postlewaite* is inapposite. *Postlewaite v. Wells Fargo Bank N.A.*, No. 12-cv-4465, 2014 WL 4768386 (N.D. Cal. Sept. 24, 2014). There, Defendant filed with the Court a request to appear via telephone for an upcoming mediation hearing. The Court denied the motion and noted that the ADR Rules state such requests should not be filed with the Judge. *Id.* at *5 n.9. This makes sense because the Judge would not have control over appearances at mediation. In contrast, the District Judge is the only one with authority to exclude evidence at trial.



This did not end things. Shortly after the Court's Order, CWL was forced to again raise with Pinkette violations of the Protective Order that came to CWL's attention:

- Mr. Schwartz, counsel for Pinkette in a miscellaneous action in Minnesota and <u>not counsel of record in Case No. 15-CV-4950 (C.D. Cal.)</u>, was wrongfully shown documents designated as CONFIDENTIAL and ATTORNEYS' EYES ONLY under the Protective Order. Mr. Schwartz was not authorized to view such documents. He did not meet the definition of "Outside Counsel of Record" because he had not filed a notice of appearance in this case and, therefore, was not subject to this Court's jurisdiction in enforcement of the Protective Order; and

- Pinkette failed to mark its expert reports, which contained CWL's CONFIDENTIAL and ATTORNEYS' EYES ONLY information, as containing protected material, in violation of Section 7.1 of the Protective Order.

(Kliebenstein Decl. Ex. 2.) And, in addition to showing CWL's mediation statement to Hibbard and Isaacson, Pinkette provided the statement to its proposed expert Daniel L. Dawes. After being deposed during discovery, and challenged over his opinions being tainted by the improper disclosure made to him (*see*, *supra*, Part II(A)), Pinkette decided not to use Mr. Dawes as a witness at trial.

This pattern of conduct reinforces that Pinkette's violation of the Agreement and sharing of the confidential Statement occurred in bad faith or constitute conduct tantamount to bad faith, such as acting with reckless disregard for the terms of the Agreement in spite of knowledge of the applicable rules. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1108 (9th Cir. 2002) (counsel's reckless and knowing conduct tantamount to bad faith); *Kirschner v. Blixseth*, No. CV 11-08283, 2012 U.S. Dist. LEXIS 183275, at *70 (C.D. Cal. Nov. 1, 2012) (recklessness in combination with knowledge of the applicable legal rule sufficient to warrant sanctions under Court's inherent authority); *see also Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001)

(sanctions under inherent authority available if there is bad faith or conduct tantamount to bad faith; bad faith can include variety of willful conduct such as recklessness combined with an additional factor). It was not a one-time, inadvertent mistake—the statement was provided to all three of Pinkette's proposed experts, and it was not Pinkette's first violation relating to improperly sharing confidential information. Full exclusion is appropriate, and any prejudice to Pinkette is of its own doing.

### D. Pinkette's attempt to excuse its conduct, by complaining about how the matter was brought before this Court, fails.

Pinkette argues that advising the Court of the particulars of this issue, including providing, under seal, a copy of CWL's Statement, was itself a violation of the mediation agreement (Doc. No. 145 at 5-6, 10), and they should be let off the hook as a result. This argument is of no moment. How else can CWL address this issue and fully advise the Court of what has happened so a proper and well informed decision excluding the tainted evidence can be made? Only by providing the Statement can CWL show the court that the Statement was material and the disclosure by Pinkette to expert witnesses threatens the integrity of the mediation process for all participants. CWL acted reasonably, and any alleged wrongdoing on the part of CWL does not does not excuse Pinkette's own actions.

## IV. CONCLUSION

For all the reasons stated, CWL respectfully requests the Court grants its motion to exclude Hibbard and Isaacson.

Dated:  December 30, 2016            CALL & JENSEN
                                     A Professional Corporation

                                     By: */s/ Deborah A. Gubernick*
                                          Deborah A. Gubernick

                                     Attorneys for Defendant