Wayne W. Call, Bar No. 56676
  wcall@calljensen.com
Scott P. Shaw, Bar No. 223592
  SShaw@calljensen.com
Deborah A. Gubernick, Bar No. 242483
  DGubernick@calljensen.com
Samuel G. Brooks, Bar No. 272107
  SBrooks@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Ian G. McFarland, *pro hac vice*
  imcfarland@merchantgould.com
MERCHANT & GOULD P.C.
9717 Cogdill Road, Suite 101
Knoxville, TN 37932-3322
Tel.: (865) 380-5990
Fax: (865) 380-5999

John A. Clifford, *pro hac vice*
  jclifford@merchantgould.com
Heather J. Kliebenstein, *pro hac vice*
  hkliebenstein@merchantgould.com
Rachel Z. Scobie, *pro hac vice*
  rscobie@merchantgould.com
Linhda Nguyen, Bar No. 301157
  lnguyen@merchantgould.com
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402-2215
Tel.: (612) 371-5228
Fax: (612) 332-9081

Attorneys for Defendant Cosmetic Warriors Limited

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

PINKETTE CLOTHING, INC., a        | Case No.  15-CV-04950-SJO-AJW

- i -

DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE NO. 8 TO EXCLUDE TESTIMONY FROM DR. HIBBARD REGARDING THE LEGAL RELEVANCE OF DR. JOACHIMSTHALER'S TESTIMONY

1    California corporation,

2              Plaintiff,

3              vs.

4    COSMETIC WARRIORS LIMITED,

5    believed to be a United Kingdom limited
     company doing business as LUSH
6    HANDMADE COSMETICS, and DOES 1-
     9, inclusive,
7

8              Defendants.

**DEFENDANT'S REPLY IN SUPPORT
OF DEFENDANT'S MOTION *IN
LIMINE* NO. 8 TO EXCLUDE
TESTIMONY FROM DR. HIBBARD
REGARDING THE LEGAL
RELEVANCE OF DR.
JOACHIMSTHALER'S TESTIMONY**

Date:    January 24, 2017
Time:    9:00 a.m.
Place:   10C

Complaint Filed:   June 30, 2015
Trial Date:        January 24, 2017

## I.    INTRODUCTION

Dr. Jonathan Hibbard's opinions about the legal relevancy of the opinions of Dr. Erich Joachimsthaler (CWL's expert) are improper, unhelpful, and prejudicial. Pinkette Clothing Inc. ("Pinkette") attempts to blur the lines between Hibbard's various opinions in his report, stating Hibbard should be allowed to counter Joachimsthaler's opinions as to the strength of the LUSH brand.  While it is true that Hibbard may rebut Joachimsthaler's opinions and opine that Joachimsthaler is wrong, Hibbard may not testify that Joachimsthaler's opinions are legally irrelevant.  It is the Court's duty to instruct the jury on the law, and what the relevant standard is, not Hibbard's.

## II.   HIBBARD'S TESTIMONY ON THE ISSUE OF LEGAL RELEVANCE IS IMPROPER, UNHELPFUL AND PREJUDICIAL

Pinkette's opposition sets forth three unavailing arguments to avoid exclusion of part of Hibbard's proposed testimony.  The first argument is that the Hibbard Report concerns the "relevancy of Dr. Joachimsthaler's opinions with regard to the specific 2003-2004 time period and not with regard to whatever legal standard the Court may apply."  (Pinkette Opposition (hereinafter "Opp.") (filed under seal) at 2.)  This argument is a distinction without meaning.  At trial, counsel for Pinkette will simply ask Hibbard about Joachimsthaler's opinions.  As previewed in his report at paragraphs 12-53, Hibbard will respond that Joachimsthaler's opinions on the strength of CWL's LUSH brand are not relevant under the law in this case because Joachimsthaler's cited evidence allegedly did not focus on the time period of 2003-2004, which he believes is the proper time period based on his understanding of the law.[1]  Hibbard will essentially be telling the jury what the law should be, and that they should disregard Joachimsthaler's opinions in view of that law.  This type of testimony is not proper.

---

[1] CWL disagrees with this position, as set forth in CWL's Opposition to Pinkette's Motion to Exclude Expert Testimony, Report and, Opinions of Expert Witness Erich Joachimsthaler.  (Doc. No. 149.)

- 1 -

CALL & JENSEN

Second, Pinkette argues that Hibbard is allowed to testify about his understanding and application of a particular legal standard.  But here, Hibbard will go one step further and opine about the relevancy under the law of Joachimsthaler's opinions under what Pinkette claims is the applicable legal standard.  The cases cited in CWL's initial brief in support of this motion excluded testimony about the relevancy under the law of evidence or another expert's opinions because such testimony is improper.  (*See* Doc. No. 119 at 4.)

The cases cited by Pinkette, *Villalpando* and *Hangarter*, do not support the position that an expert can opine on the legal significance (i.e., relevance) of another expert's opinions, or other facts in the case.  For example, in *Villalpando v. Exel Direct Inc.*, 161 F. Supp. 3d 873, 895 (N.D. Cal. 2016), the Court allowed a damages expert to testify that he had been asked to make certain assumptions as to what expenses were recoverable and/or what deductions were allowable under the law, but did not allow that expert to testify as to the legal basis for those assumptions.  *Id*.  In *Hangarter v. Provident Life and Accident Insurance Co.*, 373 F.3d 998, 1017 (9th Cir. 2004), the expert was allowed to testify that the defendants deviated from industry standards, which the jury used to support a finding that the defendant acted in bad faith.  An expert can opine on industry standards.  An expert cannot instruct the jury on the law.  Here, Hibbard improperly intends to instruct on the law and tell the jury that it should disregard Joachimsthaler's opinions because he applied the wrong law.  Neither of Pinkette's cited cases address such a situation.  And such testimony is improper.

Pinkette's third argument is that the challenged Hibbard opinions in paragraphs 12-53 of the Hibbard Report "directly rebut the position taken by Dr. Joachimsthaler" that the LUSH brand was strong in 2003.  This is a mischaracterization of Hibbard's report.  Hibbard's substantive rebuttal of Joachimstaler's views on the strength of the LUSH brand is found in the second half of the Hibbard Report (¶¶ 54-109), which is

1    unchallenged in this motion.   CWL is not seeking to prevent Hibbard from

2    substantively challenging Joachimsthaler's opinions.  As Hibbard acknowledged at his

3    deposition, the only purpose of paragraphs 12-53 was to explain that Joachimsthaler's

4    opinions were based on the wrong time period according to what Hibbard was told is

5    the applicable law.  More problematic is that what Hibbard was told about the law was

6    wrong.   Thus, he not only tries to improperly invade the province of the Court by

7    instructing the jury on the law, but also tries to instruct the jury on legal standards that

8    are not correct.

9    **IV. CONCLUSION**

10       For all the reasons stated, CWL respectfully requests the Court grant its motion

11   to exclude Hibbard's opinions regarding the legal relevance of Dr. Joachimsthaler's

12   testimony.

13

14   Dated:  December 30, 2016            CALL & JENSEN
                                          A Professional Corporation
15                                        Deborah A. Gubernick

16
                                         By: */s/ Deborah A. Gubernick*
17                                           Deborah A. Gubernick

18                                       Attorneys for Defendant

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE NO. 8 TO EXCLUDE
TESTIMONY FROM DR. HIBBARD REGARDING THE LEGAL RELEVANCE OF DR. JOACHIMSTHALER'S
TESTIMONY