UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.: <u>CV 15-04950 SJO (AJWx)</u>              DATE: <u>January 20, 2017</u>

TITLE:    <u>Pinkette Clothing, Inc. v. Cosmetic Warriors Limited, et al.</u>

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                Not Present
Courtroom Clerk                                 Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**              **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                     Not Present

========================================================================
**PROCEEDINGS (in chambers):  ORDER REGARDING DEFENDANT'S MOTIONS IN LIMINE**
[Docket Nos. 109, 110, 111, 112, 113, 119, 124, 125]

This matter is before the Court on Defendant and Counter-Claimant Cosmetic Warriors Limited, dba Lush and Lush Fresh Handmade Cosmetics' (collectively, "CWL") eight motions in limine ("CWL Motions"), filed December 16, 2016.  Plaintiff and Counter-Defendant Pinkette Clothing, Inc. ("Pinkette") opposed the CWL Motions on December 23, 2016, and CWL replied on December 30, 2016.  The CWL Motions are:

(1)    Motion in Limine for a Phased Trial ("CWL Motion #1");
(2)    Motion to Reorder the Presentation of Evidence ("CWL Motion #2");
(3)    Motion to Preclude Testimony of Kelly Cunningham ("CWL Motion #3");
(4)    Motion to Exclude Hibbard and Isaacson ("CWL Motion #4");
(5)    Motion to Exclude Prior Deposition Testimony ("CWL Motion #5");
(6)    Motion to Exclude Communications Among Counsel From Evidence ("CWL Motion #6");
(7)    Motion to Exclude Inflammatory Third-Party Articles ("CWL Motion #7"); and
(8)    Motion to Exclude Testimony from Dr. Hibbard Regarding the Legal Relevance of Dr. Joachimsthaler's Testimony ("CWL Motion #8") (collectively, "CWL Motions").

The Court found the CWL Motions suitable for disposition without oral argument.  *See* Fed. R. Civ. P. 78(b).

I.     FACTUAL AND PROCEDURAL BACKGROUND

This is a trademark dispute between the parties regarding the use of the trademark "LUSH" in connection with clothing in the United States.  A more complete recitation of the factual and procedural background may be found in the Court's Order Denying Pinkette's Motion for Summary Adjudication, issued November 28, 2016.  ("Summary J. Order," ECF No. 108.)  The following is a brief overview of the facts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:  **CV 15-04950 SJO (AJWx)**          DATE: **January 20, 2017**

CWL adopted the brand name "LUSH" in 1994 and first sold goods in the U.S. in 1997.  (Summ. J. Order 2.)  CWL's goods offered under the LUSH brand have expanded over the last two decades to include cosmetics, hair care, bath and body preparations and various non-cosmetic products.  (Summ. J. Order 2.)  CWL owns registered U.S. trademarks for the LUSH mark in connection with a wide array of goods and services, but not clothing.  (Summ. J. Order 3.)

Pinkette is a women's clothing company that uses the mark "LUSH" on clothing.  Pinkette made its first sales of LUSH clothing in the U.S. in September 2003, and sold its clothing nationwide by the end of Decemer 2003.  (Summ. J. Order 2-3.)  Pinkette owns the U.S. trademark registration No. 3816441 for LUSH in connection with clothing, which Pinkette registered with the U.S. Patent and Trademark Office ("USPTO") in May 2009.  (Summ. J. Order 3.)  In 2010, Pinkette applied to register its LUSH mark in Canada, which the Canadian Trademark Office ("CTO") rejected, citing likely confusion with CWL's LUSH mark in connection with clothing, which CWL had registered in Canada in 2002.  (Summ. J. Order 4.)  In 2014, CWL applied for registration of the LUSH mark for clothing in the U.S., which the USPTO refused to grant, citing likely confusion with the registered Pinkette mark in the U.S.  (Summ. J. Order 4.)  In 2015, CWL petitioned to cancel Pinkette's LUSH mark as used on clothing, arguing that CWL has priority of the LUSH mark.  (Summ. J. Order 5.)

On June 30, 2015, shortly after CWL petitioned the USPTO to cancel the Pinkette mark on clothing, Pinkette initiated this action, seeking a declaratory judgment that, *inter alia*, there is no trademark infringement, no likelihood of confusion, and no false association between the parties' marks.  (*See generally* Compl., ECF No. 1.)  On January 26, 2016, CWL filed its Answer and Counterclaim, asserting the following counterclaims: federal trademark infringement, 15 U.S.C. § 1114(1); federal unfair competition, 15 U.S.C. § 1125(a); and rectification of the U.S. Trademark Register.[1]  (*See generally* CWL's Answer and Countercl. ("Countercl."), ECF No. 17.)

The Pretrial Conference is set for Monday, January 23, 2017, and trial is set for Tuesday, January 24, 2017.

II.     DISCUSSION

       A.     Legal Standard

Motions in limine are "important tool[s] available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings," *Jonasson v. Lutheran Child & Family Servs.,*

---

[1] On January 10, 2017, CWL voluntarily dismissed its counterclaims for unfair competition under California statute and common law.  (Proposed Pretrial Conference Order 1, ECF No. 198-1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 15-04950 SJO (AJWx)          DATE: January 20, 2017

115 F.3d 436, 440 (9th Cir. 1997), and "[a] party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial." *Barnett v. Gamboa*, No. CV 05-01022 BAM, 2013 WL 174077, at *1 (E.D. Cal. Jan. 16, 2013) (citing *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). Regardless of a court's initial decision on a motion in limine, however, it may revisit the issue at trial. *See Luce*, 469 U.S. at 41-42 ("[E]ven if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling."). "The Supreme Court has recognized that a ruling on a motion in limine is essentially a preliminary opinion that falls entirely within the discretion of the district court." *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999) (citing *Luce*, 469 U.S. at 41-42).

Federal Rules of Evidence 401 and 402 ("Rule 401" and "Rule 402," respectively) require the exclusion of evidence that does not tend to make a material fact more or less probable. *See* Fed. R. Evid. 401. Federal Rule of Evidence 403 ("Rule 403") requires that evidence be excluded where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. The Court discusses each Motion in turn.

    B.    <u>CWL's Motions in Limine</u>

        1.    <u>CWL Motion #1</u>

First, CWL seeks to bifurcate the trial such that the Court try the issue of Pinkette's laches defense after the issues of liability, declaratory judgment, and damages are presented to the jury. (CWL Motion #1, ECF No. 109.) Pinkette opposes the motion on the grounds that bifurcation will not promote efficiency because there is substantial factual overlap between CWL's infringement claim and Pinkette's laches defense. (Pinkette Opp'n #1, ECF No. 142.[2])

"Rule 42(b) of the Federal Rules of Civil Procedure confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."). The moving party

---

[2] For purposes of this order, a citation to "Pinkette Opp'n #x" shall mean Pinkette's Opposition to CWL Motion #x. "CWL Reply #x" shall refer to CWL's Reply in Support of CWL Motion #x.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** CV 15-04950 SJO (AJWx) | **DATE:** January 20, 2017 |

has the burden of proving that the bifurcation is warranted. *See Matsushita Elec. Indus. Co. v. CMC Magnetics Corp.*, No. CV 06-04538 WHA, 2007 WL 219779, at *2 (N.D. Cal. Jan. 29, 2007).

Although laches is an equitable defense that may be heard by the Court, *see Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 962 (9th Cir. 2001) (citation omitted), the Court will exercise its discretion and seek an advisory opinion from the jury on this issue. Accordingly, CWL's request to bifurcate is denied.

The Court **DENIES** CWL's Motion #1 for a phased trial.

    2.    <u>CWL Motion #2</u>

Second, CWL requests the Court to realign the parties, putting CWL in the position of Plaintiff, and/or to reorder the presentation of testimony and evidence so that CWL presents first and last at trial. (CWL Motion #2, ECF No. 110.) CWL argues that, by bringing affirmative claims of trademark infringement, unfair competition, and rectification of the U.S. Trademark Register, it is the natural plaintiff; Pinkette argues that it, as the named plaintiff in the action and the party seeking declaratory relief, carries the burden of proof and should be first to proceed and present evidence.

The order of argument "is purely a question of practice" that "does not affect the merits of the controversy." *Lancaster v. Collins*, 115 U.S. 222, 225 (1885) (rejecting plaintiff's argument that the trial court erred by refusing plaintiff's right to close at trial); *accord*, *Eastern Property Dev. LLC v. Gill*, 558 Fed. Appx. 882, 890 (11th Cir. 2014). Ordinarily, the trial court extends the privilege of opening and closing the case to the party that has the burden of proof. *See Martin v. Chesebrough-Pond's, Inc.*, 614 F.2d 498, 501 (5th Cir.1980) (per curiam).

Rule 611 states that the trial court "should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). The trial court has "broad discretion in supervising trials" to "clarify evidence, confine counsel to evidentiary rulings, ensure the orderly presentation of evidence, and prevent undue repetition." *United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999).

"Courts have given various supporting rationales for the denial of realignment motions, including (1) looking to the purposes of the Declaratory Judgment Act; (2) explaining burden of proof considerations, especially where both parties to the action bear burdens of proof on various issues in the case; and (3) finding that changing the order of proof at trial would not make the

Case 2:15-cv-04950-SJO-AJW Document 212 Filed 01/20/17 Page 5 of 10 Page ID #:7384

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:  CV 15-04950 SJO (AJWx)                    DATE: January 20, 2017

presentation of the evidence clearer for the jury."³  *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. CV 03-01431 SBA 2006 WL 1646110, at *1 (N.D. Cal. June 12, 2006) (internal citations omitted).

First, the purpose of the Declaratory Judgment Act is "to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights." *Id.* (citation omitted) (patent infringement action); *see also* 6 McCarthy § 32:50 ("The purpose of federal declaratory judgment in trademark cases is almost identical to that in patent cases.").  As the declaratory judgment plaintiff, Pinkette "chose to file this declaratory judgment action to clear the air . . . [and] should therefore rightfully be afforded the role of plaintiff at trial, and thus be allowed to proceed first at trial." *Fresenius*, 2006 WL 1646110, at *2. *Cf. Plumtree Software, Inc. v. Datamize, LLC*, No. CV 02-05693 VRW, 2003 WL 25841157, at *2 (N.D. Cal. Oct. 6, 2003) (realigning the parties where, among other reasons, the declaratory judgment defendant was the first to file suit).

Second, "[w]here both parties in a declaratory judgment case bear burdens of proof, it is proper for a court to deny a motion for realignment." *Id.* (citing *Anheuser-Busch, Inc. v. John Labatt Ltd.*, 89 F.3d 1339, 1344 (8th Cir. 1996) (where both parties "bore the burden of proof on distinct counts of their causes of action . . . [t]he District Court understandably chose to allow the actual plaintiff, the party that filed the lawsuit, to proceed first").  Although CWL bears the burden to demonstrate the primary dispute of federal trademark infringement, *see KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 121 (2004) (placing burden of proving trademark infringement on the party charging infringement in declaratory judgment action brought by accused infringer), as well as on its other claims of unfair competition and rectification of the U.S. Trademark Register, Pinkette bears the burden of proof on the remaining counts in its Complaint:  that CWL is barred by laches from alleging a likelihood of confusion, and that CWL's federal trademark application and cancellation proceeding are improper.  This fact also suggests that realignment of the parties is unwarranted.  *See Fresenius*, 2006 WL 1646110, at *2 (citing *Ericsson Inc. v. Harris Corp.*, No. CV 98-02903 D,1999 WL 604827, at *2 (N.D. Tex. Aug. 11, 1999) ("A court will not realign the parties from their original designations unless the plaintiff no longer retains the burden to prove at least one of its claims or if subsequent events in the case significantly shift the ultimate burden of proof from the plaintiff to the defendant.").

CWL's Motion #2 to Reorder the Presentation of Evidence is **DENIED.**

      3.     CWL Motion #3

---

³ Given the nature of the request, the Court construes CWL Motion #2 as a motion for realignment.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:  CV 15-04950 SJO (AJWx)            DATE: January 20, 2017

CWL seeks to exclude the testimony of Kelly Cunningham ("Cunningham"), one of Pinkette's attorneys, on the ground that Cunningham was untimely disclosed pursuant to Rule 26(a)(1). (CWL Mot. #3 2, ECF No. 111.)  On March 2, 2016, Pinkette served its Rule 26 initial disclosures, identifying only one witness, Edward Kim ("Kim").  (CWL Mot. #3 3.)  On October 24, 2016, Pinkette supplemented its disclosures, identifying 10 witnesses; Cunningham was not identified. The parties agreed to exchange witness and exhibit lists on December 2, 2016, at which time Pinkette identified 12 witnesses and "any necessary custody of records."  (CWL Mot. #3 3.) Cunningham was not disclosed until December 9, 2016.

Pinkette claims that Cunningham's testimony "will primarily be used to simply authenticate various trademark enforcement related documents, including demand letters, sent on Pinkette's behalf and with regards to its LUSH mark." (Pinkette Opp'n #3 1.)  Pinkette argues that Cunningham gave CWL sufficient notice that it intended to call Cunningham because Cunningham was one of the "necessary custodian[s] of records" whom Pinkette alluded to on December 2, 2016.[4]  (Pinkette Opp'n #31, ECF No. 144.)  At Kim's Rule 30(b)(6) deposition on October 7, 2016, in response to numerous questions regarding Pinkette's enforcement actions in connection with the LUSH mark, Kim refused to answer, citing the attorney-client privilege and stating, "You have to ask my attorneys."  (Crane Decl. ¶ 4, Ex. C Oct. 7, 2016 Dep. of Edward Kim 185:22-23, 186:1.)  In response, CWL's counsel stated that CWL was "reserving the right to demand that Pinkette appoint a witness who is able to answer questions about [Pinkette's trademark enforcement actions regarding the LUSH mark] because it's clear to me you are not able."  (Crane Decl. ¶ 4, Ex. C Oct. 7, 2016 Dep. of Edward Kim 185:22-23, 186:21-187:9.)  Pinkette argues that Kim's deposition placed CWL on notice that Pinkette's attorneys possessed relevant knowledge of Pinkette's trademark enforcement actions.  (Pinkette Opp'n #3 2-3.)

First, Pinkette's failure to include Cunningham in its initial disclosure categorically violates Rule 26(a)(1)(A)(i).  Second, after CWL's counsel stated a possible intention to question another witness in place of Kim, Pinkette's supplemental disclosures, which were produced two weeks after Kim's deposition, still failed to list Cunningham.  Pinkette's late disclosure of Cunningham as a witness–another two months later–violates Rule 26(e)(1)(A)'s requirement of timely supplementation.  Third, Pinkette offers no substantial justification, explaining only that, if CWL had "followed up" in its demand that Pinkette produce a witness regarding Pinkette's trademark enforcement, Pinkette would have been willing to produce Cunningham for deposition.  (Pinkette Opp'n #3 2-3.)  Pinkette is mistaken.  It is Pinkette, not CWL, who bore the burden to properly disclose and supplement its relevant witnesses.

---

[4] Interestingly, Cunningham is not listed on the parties' Joint Witness List, filed December 27, 2016.  It refers to a "Custodian of Records," but lacks a summary of anticipated testimony.  (Joint Witness List 1, ECF No. 156.)

MINUTES FORM 11                                                                   __ : __
CIVIL GEN                          Page 6 of 10                Initials of Preparer _____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.:   **CV 15-04950 SJO (AJWx)**          DATE: **January 20, 2017**

Thus, CWL Motion #3 is **GRANTED**. Cunningham will be precluded from testifying at trial. The parties are advised to comply with the Court's Standing Order, which requires the parties to stipulate to the authenticity of exhibits whenever possible. (Standing Order ¶ 26(b)(4)-(5).)

    4.    <u>CWL Motion #4</u>

Next, CWL seeks to exclude the testimony of Pinkette's experts Dr. Jonathan Hibbard ("Dr. Hibbard") and Dr. Bruce Isaacson ("Dr. Isaacson") on the basis that they improperly received and considered the parties' Confidential Mediation Statement (the "Statement") submitted by CWL. (CWL Mot. #4 1, ECF No. 124.) According to the parties' Mediation Confidentiality Agreement (the "Agreement"), the Statement was to be used only in connection with settlement discussions, and CWL did not authorize Pinkette to disclose the Statement to any other person. (CWL Mot. #4 1.) CWL moves to exclude these testimonies as violations of the Agreement and Federal Rule of Evidence 408 ("Rule 408").

"A district court is vested with broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial . . . including disqualifying expert testimony." *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir.1980). "However, disqualification is a drastic measure that courts should impose only hesitantly, reluctantly, and rarely." *Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1092 (N.D. Cal. 2004) (citations omitted). Rule 408 generally prohibits evidence relating to "furnishing, promising, or offering–or accepting, promising to accept, or offering to accept–a valuable consideration in compromising or attempting to compromise the claim;" or "conduct or a statement made during compromise negotiations about the claim . . . ." if used "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a).

First, Pinkette concedes that Drs. Hibbard and Isaacson reviewed the Statement, but argues that the disclosure was "clearly inadvertent," and that the experts, as indicated in their depositions, reviewed it "just for background" and did not rely upon the Statement to form their opinions on the matter.[5] (*See* Pinkette Opp'n #4 1, 6-7, ECF No. 145.) This argument is unpersuasive. "Rule 408 plainly requires the exclusion of such evidence, and an expert's reliance on such information

---

[5] The Court is suspect of Pinkette's claim that its disclosure of the Statement to its experts was inadvertent, in light of Pinkette's previous unauthorized disclosure of confidential information. On October 14, 2016, Magistrate Judge Andrew J. Witstrich granted in part CWL's motion for sanctions, ordering Pinkette and/or its counsel to pay $16,324.50 for its unauthorized disclosure of a document, designated by CWL as confidential under the parties' Protective Order, to a third party who was not authorized to view it. Judge Wistrich found that the relief was warranted, "if only to minimize the potential danger of future more serious and more harmful violations." (ECF No. 95.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** <u>CV 15-04950 SJO (AJWx)</u> | **DATE:** <u>January 20, 2017</u> |

warrants the exclusion of any opinion testimony based on it." *Maury Microwave, Inc. v. Focus Microwaves, Inc.*, No. CV 10-03902 MMM, 2012 WL 12877985, at *16 n.129 (C.D. Cal. July 30, 2012) (citation omitted).

Even if Drs. Hibbard and Isaacson claim to have not relied on the Statement, it is undisputed that they reviewed the Statement in violation of the parties' Agreement and "no adequate means exist[ ] for undoing the experts' improper knowledge." *See Irwin Seating Co. v. Int'l Bus. Machines Corp.*, No. CV 04-00568, 2007 WL 518866, at *3-4 (W.D. Mich. Feb. 15, 2007) (rejecting plaintiff's argument that experts "were not influenced by the confidential content of the mediation briefs," and excluding expert testimony where the experts were "consciously or unconsciously affected by" information exchanged during settlement discussions, "regardless of Plaintiff's intent in disclosing the documents"). "[T]he facts upon which an expert relies are not required to be admissible. However, the factual basis for the expert's opinion is subject to inquiry and cross-examination. Because the information in issue is confidential, Defendants will be unable to fully challenge the experts' assertions that their opinions were not influenced by confidential settlement knowledge." *Id.* (citing Fed. R. Evid. 703.) Similarly, here, regardless of a purported lack of reliance on the Statement, Drs. Hibbard and Isaacson, who are designated to rebut CWL's experts, (Joint Witness List 1, ECF No. 156), should be excluded from testifying.

Second, Pinkette argues that, as of October 2016, CWL was on notice that Pinkette's expert reports reviewed the Statement (as indicated in their expert reports), such that CWL's instant request to exclude their testimony is inexplicably delayed. (Pinkette Opp'n #4 1.) This argument is disingenuous: CWL's counsel notified Pinkette on October 20, 2016 that the disclosure of the Statement to the experts was improper, and that CWL will "be addressing that with the court. I'll alert you to that." (CWL Reply #4 1-2.) This fact cuts strongly against Pinkette's claim that it would is prejudiced by CWL's attempt to gain an unfair advantage over Pinkette." (Pinkette Opp'n #4 7.) Pinkette's other unsubstantiated arguments hold no water for purposes of this Motion.[6]

The Court **GRANTS** the CWL Motion #4 to Exclude Hibbard and Isaacson. The Court **DENIES** Pinkette's request to retain new experts and a continuance of the trial date to complete related discovery. (Pinkette Opp'n #4 7 n.3.)

     5.     <u>CWL Motion #5</u>

---

[6] For example, Pinkette argues that this dispute is not properly before the Court because CWL did not comply with the ADR rules requiring complaints relating to violations of ADR procedure to be brought before the ADR Program Director. (Pinkette Opp'n #4 2-4.) CWL is not taking issue with the mediation process itself; rather, it seeks to exclude these two expert testimonies at trial, which is properly brought as a motion in limine.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

| | |
|---|---|
| CASE NO.: <u>CV 15-04950 SJO (AJWx)</u> | DATE: <u>January 20, 2017</u> |

CWL seeks to exclude the prior deposition testimony of Sarah Cole ("Cole") and Danielle Mattessich ("Mattessich"), from an earlier unrelated USPTO opposition proceeding, *Cosmetic Warriors Limited v. Luscious LLC*. (CWL Opp'n #5 1, ECF No. 125.) Cole's deposition testimony is related to CWL's promotional campaigns at its U.S. LUSH stores, CWL's trademark enforcement efforts, and actual confusion between the parties' cosmetics products. (CWL Mot. #5 2-3.) Mattessich's deposition testimony is related to CWL's trademark enforcement proceedings and lawsuits. (CWL Mot. #5 3.)

Cole's and Mattessich's deposition testimonies are from an unrelated USPTO proceeding involving different parties (Pinkette was not involved), marks (Pinkette's LUSH mark was not at issue), and goods (that action involved use of the marks on cosmetics products). Thus, their deposition testimonies would provide minimal, if any, probative value to the instant action. On this ground, the deposition testimonies should be excluded.

Thus, the Court **GRANTS** CWL Motion #5 to Exclude Prior Deposition Testimony.

      6.    <u>CWL Motion #6</u>

The Court **RESERVES RULING** on CWL's Motion #6.

      7.    <u>CWL Motion #7</u>

The Court **RESERVES RULING** on CWL's Motion #7.

      8.    <u>CWL Motion #8</u>

Finally, CWL moves to exclude part of the testimony of Dr. Hibbard as it relates to the legal relevance of Dr. Joachimsthaler, on the basis that this portion of the testimony is based on facts not within Dr. Hibbard's area of expertise. (CWL Mot. #8 2, ECF No. 119.)

The Court granted the CWL Motion #4 excluding testimony of Dr. Hibbard in its entirety. Thus, CWL Motion #8 is **GRANTED**.

III.    <u>RULING</u>

For the foregoing reasons, the Court rules on CWL's Motions in Limine as follows:

    (1)    **DENIES** Motion in Limine for a Phased Trial;
    (2)    **DENIES** Motion to Reorder the Presentation of Evidence;
    (3)    **GRANTS** Motion to Preclude Testimony of Kelly Cunningham;
    (4)    **GRANTS** Motion to Exclude Hibbard and Isaacson;

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** <u>CV 15-04950 SJO (AJWx)</u>        **DATE:** <u>January 20, 2017</u>

(5)  **GRANTS** Motion to Exclude Prior Deposition Testimony;
(6)  **RESERVES RULING** on Motion to Exclude Communications Among Counsel From Evidence;
(7)  **RESERVES RULING** on Motion to Exclude Inflammatory Third-Party Articles; and
(8)  **GRANTS** Motion to Exclude Testimony from Dr. Hibbard Regarding the Legal Relevance of Dr. Joachimsthaler's Testimony.

IT IS SO ORDERED.