UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Priority | _____ |
|---|---|
| Send | _____ |
| Enter | _____ |
| Closed | _____ |
| JS-5/JS-6 | _____ |
| Scan Only | _____ |

**CASE NO.:**  CV 15-04950 SJO (AJWx)       **DATE:** February 16, 2017

**TITLE:**  Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd., et al.

========================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                            Not Present
Courtroom Clerk                                          Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**         **COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present                                                Not Present

========================================================================

**PROCEEDINGS (in chambers):   ORDER DENYING DEFENDANT AND COUNTERCLAIMANT'S MOTION FOR ENTRY OF JUDGMENT PURSUANT TO FED. R. CIV. P. 58 AND FOR INJUNCTIVE RELIEF** [Docket No. 252]

This matter is before the Court on Defendant and Counterclaimant's Cosmetic Warriors Limited, dba Lush and Lush Fresh Handmade Cosmetics (collectively, "CWL") Motion for Entry of Judgment Pursuant to Federal Rule of Civil Procedure 58 and for Injunctive Relief ("Motion"), filed February 3, 2017.  On February 10, 2017, Plaintiff and Counterdefendant Pinkette Clothing, Inc. ("Pinkette") filed its Opposition and a Proposed Final Judgment.

This Motion is brought pursuant to Federal Rule of Civil Procedure 58, which requires the Court's approval to enter judgment when "the jury returns a special verdict or a general verdict with answers to written questions."  *See* Fed. R. Civ. P. 58(b)(2)(A).  On January 31, 2017, the jury returned a special verdict, finding federal trademark infringement and unfair competition in CWL's favor and, in an advisory fashion, finding that laches barred CWL's Counterclaims.  (*See generally* Redacted Jury Verdict Form, ECF No. 259.)  After the verdict and after the jury was released, the Court heard additional evidence and argument on the issue of laches.  After conducting an independent review of the case, on February 3, 2017, the Court rendered an oral statement of decision ("Oral Decision") and concluded that laches barred CWL's Counterclaims.

I.    The Instant Motion

In its Motion, CWL argues that, because CWL prevailed on its trademark infringement and unfair competition Counterclaims, it is entitled to injunctive relief under 15 U.S.C. section 1116, even if laches bars CWL's request for monetary damages. (Mot. 7.)  Furthermore, CWL argues that, because laches does not apply to the U.S. Patent & Trademark Office ("USPTO") cancellation and opposition proceedings, the Court should direct the USPTO to cancel Pinkette's registration of the LUSH mark on clothing, and prevent the registration of Pinkette's pending application for the LUSH mark on pens, tote bags, and umbrellas.  (Mot. 6-7.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** <u>CV 15-04950 SJO (AJWx)</u>    **DATE:** <u>February 16, 2017</u>

To begin, the Court already concluded during its Oral Decision that CWL failed to show by clear and convincing evidence that Pinkette willfully infringed on CWL's mark, such that the laches defense is not barred by unclean hands. *See Obesity Res. Inst., LLC v. Fiber Res. Int'l, LLC*, 165 F. Supp. 3d 937, 954 (S.D. Cal. 2016) ("This bar to laches for unclean hands applies 'only if the court is left with a firm conviction that the defendant acted with a fraudulent intent in making the challenged claims.'") (quoting *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 842 (9th Cir. 2002)). The Court now turns to whether laches bars CWL's claims for injunctive relief and rectification of the trademark register.

    A.    <u>Laches Bars CWL's Request for Injunctive Relief (15 U.S.C. § 1116)</u>

First, CWL argues that, even if laches bars claims for monetary relief, the Court may nevertheless grant injunctive relief because the laches defense, as applied to injunctive relief claims, requires "plus factors," which are absent here.[1] (*See* Mot. 9.) The Court is not persuaded. In "determining whether laches bars a claim **for either damages or injunctive relief in an action for trademark infringement**," the Ninth Circuit applies the same six factors laid out in *E-Systems Inc. v. Monitek, Inc.*, 720 F.2d 604 (9th Cir. 1983). *See Grupo Gigante SA de CV v. Dallo & Co.*, 391 F.3d 1088, 1101-02 (9th Cir. 2004) (citing *E-Systems*, 720 F.2d at 607); *see also La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 878 (9th Cir. 2014) (in suit involving claim for injunctive relief, holding that "[t]o benefit from this equitable defense, [t]he party asserting laches must demonstrate that it has suffered prejudice as a result of plaintiff's unreasonable delay in filing suit") (citations omitted). However, "[b]ecause laches is an equitable remedy, laches will not apply if the public has a strong interest in having the suit proceed." *Jarrow*, 304 F.3d at 840 (citation omitted). CWL argues that this case involves "inevitable confusion."[2] (Mot. 16.) As Pinkette correctly points out, (Opp'n 1, ECF No. 265), in the Ninth Circuit, "the danger of 'inevitable confusion' between products will defeat a successful laches defense only in a narrow set of circumstances . . . . '**[t]he public's interest will trump laches only when the suit concerns allegations that**

---

[1] CWL applies law from a slew of inapposite, out-of-Circuit cases, which state that laches bars injunctive relief "only when extra, 'aggravated' facts tip the scales further in favor of the infringer" (in addition to a finding of delay and prejudice). (Mot. 9.) For example, CWL cites an unpublished, non-controlling Northern District of California case which states, in passing, that "[a]lthough the case law and authorities are far from clear, it appears that delay and resulting prejudice must be shown to prevent even monetary relief, and that 'some plus factors' must be shown in order to bar entry of an inunction." *STX, Inc. v. Bauer USA, Inc.*, No. CV 96-01140 FMS, 1997 WL 337578, at *7 (N.D. Cal. 1997) (citing 4 McCarthy § 31:7, at 31-20; *Sara Lee Corp. v. Kayser-Roth Corp.*, 81 F.3d 455, 461 (4th Cir. 1996), *cert. denied*, 519 U.S. 976 (1996)).

[2] CWL relies on Dr. Leon Kaplan's survey in arguing that this case involves "inevitable confusion": 36.7% of respondents believed that Pinkette's LUSH clothing was from CWL, or was affiliated, approved or sponsored by CWL's LUSH brand. (Mot. 16.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.: <u>CV 15-04950 SJO (AJWx)</u>     DATE: <u>February 16, 2017</u>

**the product is harmful or otherwise a threat to public safety and well being.**'" *Tillamook Country Smoker, Inc. v. Tillamook Cnty. Creamery Ass'n*, 465 F.3d 1102, 1111 (9th Cir. 2006) (quoting *Jarrow*, 304 F.3d at 841 (emphasis added)).

Here, even assuming, *arguendo*, that the Court found inevitable confusion between the parties' products, which it does not, CWL made no allegations that Pinkette's LUSH clothing constitutes harmful products or poses a threat to public safety or well being. *See Henderson v. Lindland*, 602 Fed. App'x 391, 392 (9th Cir. 2015) (holding that injunction was not warranted despite claims of "inevitable confusion" because defendant's use of the mark did not constitute a harmful product or a threat to public safety or well being); *see also Jarrow*, 304 F.3d at 840 (noting that while the "public has **some** interest in the suit . . . . we must be careful not to define the public's interest in such a manner as to effectively swallow the rule of laches, and render it a spineless defense") (citation omitted) (emphasis in original).

Based on its application of the *E-Systems* factors, the Court concludes that laches bars CWL's claims for injunctive relief along with its claim for monetary damages.[3] For instance, CWL was not diligent in enforcing its mark, as CWL did not file its Counterclaim until 2015 although it knew or should have known about Pinkette's use of the mark in or around 2010: (1) Pinkette had a registration for its LUSH mark; (2) watch notices were sent to CWL's outside counsel; (3) Pinkette was openly and notoriously using the mark in commerce; and (4) CWL could have discovered Pinkette's use of the mark by searching "LUSH" on the Internet. Second, Pinkette demonstrated that CWL would not suffer harm if the injunction is denied: the parties have coexisted for 14 years, CWL unilaterally decided not to seek actual damages at trial, and the jury found that CWL was not entitled to disgorgement of Pinkette's profits attributable to the infringement, all of which weigh against a finding of harm to CWL. (*See* Opp'n 6.) Furthermore, the jury and the Court found that Pinkette's infringement was not willful, which supports the fourth *E-Systems* factor regarding good faith ignorance of Pinkette. The Court also finds that Pinkette was significantly prejudiced by CWL's unreasonable delay, as Pinkette "continued to build a valuable business around its trademark" during the nearly five years that CWL delayed the exercise of its legal rights. *See Grupo Gigante*, 391 F.3d at 1105 (citation omitted). On balance, the *E-Systems* factors weigh in favor of a finding of laches.

---

[3] The *E-Systems* factors are: "(1) strength and value of trademark rights asserted; (2) plaintiff's diligence in enforcing mark; (3) harm to senior user if relief denied; (4) good faith ignorance by junior user; (5) competition between senior and junior users; and (6) extent of harm suffered by junior user because of senior user's delay." *E-Systems*, 720 F.2d at 607.

MINUTES FORM 11                                                    __ : __
CIVIL GEN                    Page 3 of 6                  Initials of Preparer _____

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.:  <u>CV 15-04950 SJO (AJWx)</u>          DATE:  <u>February 16, 2017</u>

Because the Court concludes that laches bars CWL's injunctive claims, it need not discuss whether an injunction would be warranted under the factors outlined in *Perfumebay.com, Inc. v. eBay, Inc.*, 506 F.3d 1165 (9th Cir 2007).

      B.    <u>Laches Bars CWL's Rectification of Trademark Register Claim (15 U.S.C.A. § 1119)</u>

Second, CWL argues that the Court's decision on laches does not apply to the cancellation and opposition claims because, unlike in the Ninth Circuit, the USPTO utilizes a five-year window in which trademark registrations may be cancelled.[4] (*See* Mot. 5.) However, "[b]y statute, the defense of laches is available in trademark proceedings." *Bridgestone/Firestone Res., Inc. v. Auto. Club De L'Quest De La France*, 245 F.3d 1359, 1361 (Fed. Cir. 2001) (citing 15 U.S.C. § 1069) ("In all inter partes proceedings equitable principles of laches, estoppel, and acquiescence, where applicable may be considered and applied."). Like in the Ninth Circuit, parties asserting laches in USPTO cancellation proceedings pursuant to 15 U.S.C. section 1064 must show "undue delay" and "prejudice resulting therefrom." *See Nat'l Cable Television Ass'n, Inc. v. Am. Cinema Editors, Inc.*, 937 F.2d 1572, 1580 (Fed. Cir. 1991) (citation omitted); *see also Pro-Football, Inc. v. Harjo,* 415 F.3d 44, 47 (D.C. Cir. 2005).

The Court is not persuaded by CWL's reliance on *The City of New York v. Tavern on the Green, L.P.*, 94 U.S.P.Q. 2d 1519 (S.D.N.Y. 2010), in which the court found that laches could not be asserted against cancellation claims because the Lanham Act states that a claim for cancellation may be asserted "at any time." (Mot. 5) (citing *City of New York*, 94 U.S.P.Q. 2d at 1526 n.6). Indeed, the Ninth Circuit and Federal Circuit both hold that, even though the Lanham Act specifies a statute of limitations for cancellation proceedings (*e.g.*, "at any time" for fraudulent registrations, and "within five years" of registration for other grounds), that does not invalidate the laches defense. *See Beaty v. Selinger*, 306 F.3d 914, 924 (9th Cir. 2002) ("Rather, [laches] is primarily concerned with prejudice. There is thus nothing inherently contradictory about saying that an action that may be brought 'at any time' is nonetheless subject to an equitable limitation based on prejudicial delay."); *Bridgestone/Firestone*, 245 F.3d at 1360-61 (permitting laches defense to a cancellation petition); *see also Pro-Football*, 415 F.3d at 48 (joining the Federal Circuit in rejecting the argument that laches "would never be available as long as cancellation petitions are brought within the specified state of limitations"). Thus, CWL's claim for rectification of the trademark register (namely, CWL's claim that Pinkette's registered mark should be cancelled), is subject to laches.[5]

---

    [4]  CWL argues that Pinkette's LUSH mark was registered on July 13, 2010, and CWL filed its petition to cancel the mark on June 10, 2015, less than five years after its issuance.

    [5]  Without determining the merits of Pinkette's pending USPTO application for pens, tote bags, and umbrellas, which was published for opposition in January 2016, (Mot. 4-5), the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.: <u>CV 15-04950 SJO (AJWx)</u>         DATE: <u>February 16, 2017</u>

Next, the Court concludes that laches bars CWL's cancellation claim. The Lanham Act "establishes various events in the life of a registered trademark which impact upon an adverse claimant, from which events action could be taken and thus from which the period of delay may be measured." *Bridgestone/Firestone*, 245 F.3d at 1362 (citing, *inter alia*, 15 U.S.C. § 1072 (registration on principal register is "constructive notice of the registrant's claim of ownership thereof") and 15 U.S.C. § 1115 (registration on principal register is evidence of "registrant's exclusive right to use the registered mark")). Like in *Bridgestone/Firestone*, considering that Pinkette's mark was registered on July 13, 2010 and CWL filed its cancellation petition only on June 10, 2015, (Mot. 6), along with the other events that existed in or around 2010 (*e.g.*, Pinkette's widespread commercial use of the mark), CWL is charged with undue delay in seeking cancellation of Pinkette's registration. For the same reasons articulated with regards to the injunctive relief claims, the Court finds that CWL's delay in initiating cancellation proceedings constitute prejudice to Pinkette.

CWL argues that, "even where a laches defense is maintained at the [USPTO], 'it will not serve as a bar against a petition for cancellation on a likelihood of confusion ground when confusion is inevitable.'" (Opp'n 7) (citations omitted). Although inevitable confusion–*i.e.*, "where the marks of the parties are identical and the goods are the same or essentially the same"–would bar laches, *see Teledyne Techs., Inc. v. W. Skyways, Inc.*, 78 U.S.P.Q. 2d 1203, at *12 (citing *Reflange Inc. v. R-Con Int'l*, 17 U.S.P.Q. 2d 1125, 1131 (T.T.A.B. 1990)), the theory is inapposite here. Even though the LUSH marks are identical, the goods at issue (cosmetics and clothing) are not. *See Teledyne*, 78 U.S.P.Q. 3d at *12 (finding no inevitable confusion where, although there was a likelihood of confusion between the parties' marks and although "we have found the goods to be commercially related, they are hardly identical"). Furthermore, CWL's reliance on Dr. Kaplan's survey, the purported instances of actual confusion, and the jury's verdict on likelihood of confusion, (Mot. 7), do not amount to inevitable confusion. *See Ava Ruha Corp. v. Mother's Nutritional Ctr., Inc.*, 113 U.S.P.Q. 2d 1575, at *11 (T.T.A.B. 2015) ("Petitioner will have to put in evidence of confusion that shows confusion to be inevitable, which is 'an increment higher than that required for a finding of likelihood of confusion.'") (citation omitted).

---

Court concludes that it is without jurisdiction to order the cancellation of the application. Federal courts' power to rectify the trademark register pursuant to section 1119 is "limited to lawsuits involving a registered mark." *See* 5 McCarthy § 30:113.50 ("Thus, federal courts have held that they have no jurisdiction or power to cancel a pending application which has not matured into a registration."); *see Johnny Blastoff, Inc. v. L.A. Rams Football Co.*, No. CV 97-00155 C, 1998 WL 766703, at *12 (concluding that the trial court was "without statutory authority to determine the ultimate registerability of the parties' [marks] or direct the [USPTO]'s disposition of the pending trademark applications").

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

**CASE NO.:** <u>CV 15-04950 SJO (AJWx)</u>   **DATE:** <u>February 16, 2017</u>

In sum, because laches bars all of CWL's claims (including its claims for monetary and injunctive relief as well as rectification of the trademark register), the Court will not enter judgment in CWL's favor on the claims involving trademark ownership and likelihood of confusion. CWL's Motion is **DENIED**.

IT IS SO ORDERED.